STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION AND VIRGINIA ELECTRIC AND POWER COMPANY, RESPONDENT v. ROANOKE VOYAGES CORRIDOR COMMISSION, COMPLAINANT

No. 8410UC1317

(Filed 6 August 1985)

Utilities Commission § 5— Corridor Commission regulations—underground electric facilities—no jurisdiction by Utilities Commission

The Utilities Commission did not have jurisdiction to order VEPCO to comply with the Roanoke Voyages Corridor Commission's regulations requiring underground electric facilities and to absorb the costs of placing the facilities underground.

APPEAL by complainant from the North Carolina Utilities Commission. Order entered 20 September 1984. Heard in the Court of Appeals 6 June 1985.

In March 1984, Norman Brantley, following the procedure set forth by the General Assembly, applied to the Roanoke Voyages Corridor Commission (hereinafter Corridor Commission) for a certificate of appropriateness to construct a motel and restaurant on property adjacent to the Corridor. Mr. Brantley's application required service from Virginia Electrical Power Company (hereinafter VEPCO).

The Corridor Commission, complainant on appeal, was created by the North Carolina General Assembly in 1982. 1981

N. C. Sess. Laws (1982 Reg. Sess.) ch. 1194. The purposes of the Commission are to effect and encourage restoration, preservation, and enhancement of the appearance and aesthetic quality of the U. S. Highway 64 and 264 travel corridor through Roanoke Island for the benefit and enjoyment of local citizens and visitors to the historic, educational, and cultural attractions on the Island. *Id.* To accomplish its purposes, the Commission was given enumerated powers by the General Assembly, the one pertinent to this appeal is set forth below.

> (1) To establish reasonable standards of appropriateness and provide rules, regulations, and guidelines as follows:

> c. For the aboveground and underground location and installation of wires and cables, including poles, conduit and other supporting structures therefor, used for the transmission of electrical power or telephonic and other electronic communication which are placed or are to be placed on the right-of-way of the highway or within 50 feet of the right-of-way of the highway.

Pursuant to the power conferred upon it by the General Assembly, the Corridor Commission in 1983 adopted regulations requiring that new and upgraded utility facilities along the corridor be placed underground. No funds were appropriated by the General Assembly to enable the Corridor Commission to effectuate this policy nor did the General Assembly give the Corridor Commission state police power to force the utility or anyone to bear the expense of placing these new or upgraded facilities underground.

VEPCO, in providing electrical services to Mr. Brantley's motel and restaurant would have to convert to three-phase service from the present single-phase service which would be considered an upgraded service according to the Corridor Commission's regulations. The Corridor Commission required VEPCO to put the upgraded service underground. VEPCO's terms and conditions for electrical service which have been filed with and approved by the North Carolina Utilities Commission (hereinafter Utilities Commission) provide that VEPCO charge the cost of extraordinary or enhanced service to the customer who receives such services. Customers who receive underground service must pay the additional cost since underground service is not VEPCO's standard mode of service. VEPCO indicated that it would require

reimbursement for the difference between the cost of adding above-ground facilities (its normal mode of service) and the cost of placing the facilities underground. The difference in cost amounted to $14,000. Realizing it did not have the power to force VEPCO to absorb the cost, the Corridor Commission filed a complaint against VEPCO on 11 May 1984 with the Utilities Commission pursuant to G.S. 62-73. The Corridor Commission requested that the Utilities Commission require VEPCO to bear the additional expense of supplying electrical service through underground facilities along the U. S. Highway 64-264 corridor or Roanoke Island. On 15 August 1984, the complaint was heard by the Utilities Commission which entered an order declining to require VEPCO to bear the additional expense and dismissed the complaint. From this order, the Corridor Commission appealed.

*Attorney General Lacy H. Thornburg, by James B. Richmond, Special Deputy Attorney General, and Evelyn M. Coman, Assistant Attorney General, for complainant appellant.*

*Hunton & Williams, by Edward S. Finley, Jr. and Guy T. Tripp, III, for respondent appellee.*

JOHNSON, Judge.

The Corridor Commission presents several related assignments of errors which embrace one central issue; whether the Utilities Commission erred in dismissing the Corridor Commission's complaint and in not ordering the relief sought by it. For the following reasons, we believe the Utilities Commission was correct in dismissing the complaint.

The Utilities Commission is a creature of the Legislature. It may exercise only such authority as is vested in it by statute. And such authority must be exercised by it in accord with the standards prescribed by law. *Utilities Comm. v. Edmisten, Attorney General*, 294 N.C. 598, 242 S.E. 2d 862 (1978). "The clear purpose of chapter 62 of the General Statutes is to confer upon the Utilities Commission the power and the duty to compel a public utility company to render adequate service and to fix therefor reasonable rates pursuant to the procedure prescribed in G.S. 62-133." *Utilities Comm. v. Morgan, Attorney General*, 277 N.C. 255, 177 S.E. 2d 405 (1970), *reaffirmed*, 278 N.C. 235, 179 S.E. 2d 419 (1971).

The Corridor Commission does not argue or allege inadequate service or unreasonable rates. Rather, in this complaint proceeding filed pursuant to G.S. 62-73, its purpose in proceeding before the Utilities Commission was to obtain an order which would have required VEPCO to comply with the Corridor Commission's regulations requiring underground utility facilities and to absorb the costs of placing the facilities underground. Since the complaint did not seek enforcement of the Utility Commission's rules or regulations, but sought enforcement of the Corridor Commission's regulations, we hold that the Utilities Commission was without jurisdiction to grant the relief sought. Therefore, the complaint was properly dismissed. The Order of the Utilities Commission dismissing the complaint is

Affirmed.

Judges WELLS and COZORT concur.